Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# FILED

# UNITED STATES DISTRICT COURT

for the

**APR 1 2 2023**

EASTERN District of

**CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
          DEPUTY CLERK**

CALIFORNIA

Case No. **2:23   CV   0 6 8 4   DAD   CKD PS**

*(to be filled in by the Clerk's Office)*
**(AGENCY CASE NUMBER:22-00294)**

|  |  |
|---|---|
| CAITLIN NICOLE PETERS _____ <br><br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint.* <br> *If the names of all the plaintiffs cannot fit in the space above,* <br> *please write "see attached" in the space and attach an additional* <br> *page with the full list of names.)* <br><br> **-v-** <br><br> CHARLES ERVIN, RACHEL WHEELER, SIERRA <br> COUNTY SHERIFFS & CORPORATE CHARTER, <br> MARYANN KNOEFLER, SIERRA COUNTY <br> PROBATION, SIERRA COUNTY SOCIAL <br> SERVICES, AND UNITED STATES FORESTRY <br> LAW ENFORCEMENT[2 OFFICERS UNKNOWN] <br> _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the* <br> *names of all the defendants cannot fit in the space above, please* <br> *write "see attached" in the space and attach an additional page* <br> *with the full list of names. Do not include addresses here.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Jury Trial: *(check one)*   ☐ Yes   ☒ No

**REQUEST FOR EX-PARTE INJUNCTION
14 USC 1983 CIVIL RIGHTS COMPLAINT**

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | CAITLIN NICOLE PETERS |
| Address | PO BOX 513 |

| | | |
|---|---|---|
| N. SAN JUAN | CA | 95960 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | NEVADA |
| Telephone Number | 5305378904 |
| E-Mail Address | UNI_911@OUTLOOK.COM |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CHARLES ERVIN |
| Job or Title *(if known)* | SIERRA COUNTY SUPERIOR COURT JUDGE |
| Address | 100 COURTHOUSE SQ |

| | | |
|---|---|---|
| DOWNIEVILLE | CA | 95936 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | SIERRA |
| Telephone Number | 5302893698 |
| E-Mail Address *(if known)* | UNKNOWN |

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | RACHEL WHEELER |
| Job or Title *(if known)* | SHERIFF,  "[AS]ffiant" , and "affiant" |
| Address | 100 COURTHOUSE SQ |

| | | |
|---|---|---|
| DOWNIEVILLE | CA | 95936 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | SIERRA |
| Telephone Number | 5302893700 |
| E-Mail Address *(if known)* | UNKNOWN |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

☒ Individual capacity    ☒ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | SIERRA COUNTY SHERIFF & CORPORATE CHARTER |
| Job or Title *(if known)* | LAW ENFORCEMENT |
| Address | 100 COURTHOUSE SQ 1ST FLOOR |
| | DOWNIEVILLE      CA      95936 |
| | *City*      *State*      *Zip Code* |
| County | SIERRA |
| Telephone Number | 5302893700 |
| E-Mail Address *(if known)* | UNKNOWN |

☐ Individual capacity    ☒ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | SEE ATTACHMENT 1 |
| Job or Title *(if known)* | |
| Address | 100 COURTHOUSE SQ |
| | DOWNIEVILLE |
| | *City*      *State*      *Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

FEDERAL CONSTITUTIONAL: 4TH AMENDMENT, 8TH AMENDMENT, MALICIOUS PROSECUTION, INTENTIONAL DUE PROCESS VIOLATION AND FALSE ARREST. STATUTARY VIOLATIONS: CACI No. 1520 "ABUSE OF PROCESS", DEFAMATION "PER SE"

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.
ALL DEFENDANTS WORK WITHIN THE JUDICIAL SYSTEM EITHER AS COURT EMPLOYEES, JUSTICE OF THE COURT, OR LAW ENFORCEMENT AGENCIES. ALL DEFENDANTS ARE EMPLOYED BY SIERRA COUNTY AND FUNDED WITH FEDERAL AND STATE FUNDING. EACH DEFENDANT ACTED UNDER "COLOR OF LAW" WILLFULL[Y] AND WANTON[LY].  ALL DEFNANDANTS WERE SWORN UNDER AN "OATH OF OFFICE" AND UNDER "PENALTY OF PERJURY"

## III.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

THE EVENT OCCURRED ON HWY 49 HEADING SOUTH IN NEVADA COUNTY CA. IN OR AROUND 1 MILE NORTH OF THE TOWN OF N. SAN JUAN CALIFORNIA.

B.  What date and approximate time did the events giving rise to your claim(s) occur?

3/30/2023 ROUGHLY AROUND 12PM AND EXTENDED THE NEXT 5 NIGHTS 6 DAYS OF INCARCERATION AT WAYNE BROWN CORRECTIONAL FACILITY LOCATED WITHIN NEVADA CITY LIMITS WITHIN THE NEVADA COUNTY LINE. WITH A RELEASE FROM INCARCERATION BEING 4/3/23 AROUND 2300

C.  What are the facts underlying your claim(s)?  *(For example: What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

I WAS ARRESTED BY 2 MALE UNITED STATES FORESTRY OFFICERS IDENTITY UNKNOWN. THE 2 OFFICERS CONDUCTED A TRAFFIC STOP FOR "OUT DATED" REGISTRATION (DEC 2022)  OF A 02 WHITE TRAILBLAZER. WHE MY NAME WAS RUN THE OFFICERS PROCEEDED TO CONDUCT A SEARCH WARRANT ISSUED BY SIERRA COUNTY CA DISTRICT ATTORNEY SANDRA GROVEN. WARRANTS ARE ATTACHED FOR JUDICIAL REVIEW OF "AUTHENTICITY AND ACCURACY". I REMAINED INCARCERATED FOR 6 DAYS.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

A "SEARCH WARRANT"? "ARREST WARRANT"? IT IS UNCLEAR AS TO THE INTENTOF THE WARRANTS ISSUED ON 12/29/22 AND THEN WERE WITHHELD FOR 90 DAYS WITH THE ARREST BEING MADE 90 DAYS LATER. WARRANTS WERE ISSUED MALICIOUSLY BY CHARLES ERVIN WITHOUT PROBABLE CAUSE FOR THE CHARGE 484 e. WITH THE EVIDENCE POINTING TO AN INNOCENCE AND NOT PROBABLE CAUSE. RACHEL WHEELER "UNDER PENALTY AND PERJURY" WANTONLY MISLED THE COURTS TO BELIEVE EVIDENCE WAS PRESENT. HOWEVER, STATING THE INNOCENCE WAS ALSO MORE RELEVANT THAN PROBABLE CAUSE. ONCE AN ARREST WAS MADE BY US FORESTERY OFFICERS, CHARLES ERVIN RECUSED HIMSELF FROM THE CASES. THE SECOND WARRANT "DOG AT LARGE" PC 399. THE DOG IN QUESTION WAS STOLEN BY MARY ANN KNOEFLERS FAMILY FOR A TOTAL OF 33 DAYS. THIS WOULD CONSTITUTE GRAND THEFT DUE TO THE COST OF THE ANIMAL IN QUESTION. WHEN THE ANIMAL WAS RETURNED 33 DAYS AFTER BEING STOLEN FROM THE FRONT YARD 327 COMMERCIAL ST DOWNIEVILLE CA 95936. A "DOG AT LARGE" CHARGE WAS PRESSED WITHOUT ANY KNOWLEDGE OR TICKET BEING ISSUED TO REMEDY BEFORE WARRANT WAS ISSUED. [SEE [WARRANTS] ATTACHMENT 2]

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

5 DAYS OF INCARCERATION:
PHYSICAL INJURIES: ROUTINE MONITORING FOR IRREGULAR HEART CONCERNS WHILE INCARCERATED, PTSD, EMOTIONAL AND MENTAL DISTRESS, PUBLIC HUMILIATION, FINANCIAL INJURIES: EXCESSIVE BAIL IMPOSITION[SEE ATT. 3], THEFT BY OFFICERS DURING ARREST OF SEVERAL 1800'S AND EARLY 1900'S COINS (SEE ATTACHMENT 4) EMPLOYMENT INJURIES: I WILL NEVER BE ABLE TO COMPLETE MY DEGREE AND FOLLOW MY DISCIPLINE B.A. NATIONAL SECURITY MINORING IN PSYCHOLOGY. AS WELL AS CONSIDERATION BY PEACECORP IN PHASE 2 OF VOLUNTEER PROCESS WITH DEPLOYMENT BEING TO THE PHILLIPINE ISLANDS SET FOR SEPTEMBER 2023. THIS ARREST AND CHARGES WILL IMMEDIATELY DISQUALIFY THIS OFFER OR FUTURE OFFERS FOR EMPLYMENT. ANY CRIMINAL CHARGES WILL MAKE AQUIRE A TOP SECRET CLEARANCE IMMEDIATLEY DISQUALIFIED.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

THIS IS A REQUEST FOR RELIEF FROM 30K BAIL, REVERSE OF FRAUDULENT CHARGES, EXPUNGEMENT OF ANY AND ALL CRIMINAL OR NEGATIVE CIVIL RECORD, COMPENSATORY DAMAGES, PUNITIVE DAMAGES
DAMAGES MADE FOR MY BACHELORS DEGREE THROUGH REGENT UNIVERSITY FOR THE DELAY IN AQUIRING MY DEGREE DUE TO INTENTIONALLY INFLICTING EMOTIONAL DISTRESS. THE DEFENDANTS BE RESPONSIBLE FOR THE OUTSTANDING BALANCE LEFT IN COMPLETING MY FINAL CLASSES AS THE DELAY CAUSED ME TO GO OVER THE "LIFETIME PELL GRANT LIMITS" DISQUALIFYING ANY FEDERAL SUBSIDIZED AND UNSUBSIDIZED FUNDING HALTING THE RELEASE OF MY OFFICIAL DIPLOMA/DEGREE.
COMPENSATORY DAMAGES:                                  PUNITIVE DAMAGES
REGENT UNIVERSITY BALANCE: 3350                  TOTAL:278,499.76
EXCESSIVE BAIL AMOUNT: 30,000
LOSS OF PEACECORP DEPLOYMENT:116.149.76
BACHELOR OF LEGAL STUDIES SALARY:129,000
TOTAL:278,499.76

TOTAL AMOUNT OF RELIEF REQUESTED:
COMPENSATORY+PUNITIVE=$556,999.52

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            4/5/2023

Signature of Plaintiff        *Caitlin Nicole Peters*        Verified by pdffiller 04/05/2023

Printed Name of Plaintiff     CAITLIN NICOLE PETERS

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number      _____

Name of Law Firm      _____

Address      _____

     _____ | _____ | _____

                         *City*          *State*      *Zip Code*

Telephone Number      _____

E-mail Address      _____

1  9IN PRO PER
   **CAITLIN PETERS & BRODY SMITH**
2  **PO BOX 513**
   **NORTH SAN JUAN CA 95960**
3  530-358-7345
   N/A
4
   **Attorneys for Plaintiffs**
5  **CAITLIN PETERS**
   **BRODY SMITH**
6

*15-Day Trial Version*
*California Pleading Templates*
*by WordAutomation*
*www.wordautomation.com*

7
8                 **IN THE UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10
   **CAITLIN PETERS & BRODY SMITH**          Case No.
11 **PO BOX 513**                            SPECIAL HEARING: SUI JURIS PROPER
   **NORTH SAN JUAN CA 95960,**              PERSONA
12
            Plaintiffs,                      **COMPLAINT:**
13                                           **42 U.S.C 1983 LAWSUIT**
            v.
14
   *Sierra County Sheriff's Dept*, CORONER MIKE    Motion to compel defendants
15 FISHER, BRAD DEMPSTER, NATHAN RUST,             MEMORANDUM TO REQUEST CERTIFICATE
   FORMER SHERIFF DARBY COLLIER AND ITS           OF APPEALABILITY
16 CORPORATE CHARTER,
   *Superior Court Judges*, YVETTE DURANT AND
17 CHARLES ERVIN
    *Clerk of the Court*, MARYANN KNOEFLER
18 AND TASHA PRINCE AND JEAN ANN
   CHATHAM
19  *Sierra County (CPS) Social Workers*, JAMIE
   SCHILTZ, JANESSA WALKER, TAMERA
20 POWERS, VICKI CLARK, KRYSTAL EVANS,
   MICHELLE DEBERG-ANDERSON
21 *Sierra County Probation Dept*, CHARLES
   HENSON AND SOPHIA GONZALES
22 *Public Defenders*, J. LON COOPER, INGRID
   LARSON, SCOTT MCLERAN, KATHY
23 LINDSEY, JENNIFER AYERS, LEESA
   WEBSTER
24  *District Attorney*, SANDRA GROVEN
    *Sierra County Behavioral Health*: KRISTINA
25 DORN

*15-Day Trial Version*
*California Pleading Templates*
*by WordAutomation*
*www.wordautomation.com*

26    **Defendant**
27                 **Body Text begins here**
28

Additional Defendants

2 United States Forestry officers also arresting officers on 3/29/2023. Will be contacting the Forestry Dept. for the 3rd time, in order to and get the names of arresting officers.

Caitlin-Nicole Peters

Dated: 4|12|23

PRO SE LITIGANT CAITLIN PETERS

AND BRODY SMITH

IN PRO PER

_____

Attorneys for Plaintiffs
IN PRO PER
**Complaint**

[Plaintiffs] CAITLIN NICOLE PETERS and BRODY JAMES SMITH for his complaint against [Defendants] JUSTICE YVETTE DURANT, JUSTICE CHARLES ERVIN, [D.A.] SANDRA GROVEN, [S.O.] MIKE FISHER, [S.O.] BRAD DEMPSTER,& [S.O.] NATHAN RUST, [FORMER S.O.] DARBY COLLIER AND ITS CORPORATE CHARTER,[CLERK] MARYANN KNOEFLER AND [CLERK] TASHA PRINCE AND [CLERK] JEAN ANN CHATHAM, [S.W] JAMIE SCHILTZ, [S.W.] JANESSA WALKER, [S.W.] TAMERA POWERS,[S.W.] VICKI CLARK, [S.W.] KRYSTAL EVANS, [S.W.] MICHELLE DEBERG-ANDERSON, [P.O.] CHARLES HENSON AND [P.O.] SOPHIA GONZALES. [States Attorney.] SCOTT MCLERAN, [PUB.DEF.] JON LON COOPER, [P.D.] INGRID LARSON, [P.D.]  KATHY LINDSEY, [P.D] JENNIFER AYERS, [P.D.] LEESA WEBSTER, [Beh. Health] KRISTINA DORN, [W.S.M.C] LAURA GRUTKOWSKI, [U.S.P.S] PETRA HALL, the City of DOWNIEVILLE, California states as follows;

### Introduction

1.) This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and under the law of the State of California, against Defendants, governmental employees, of the City of Downieville, [County of Sierra], in their individual and occupational capacities and against the city of Downieville, County of Sierra. For the sake of "housekeeping" we will refer to plaintiffs as 1 & 2.

2.) Plaintiff's. Caitlin Peters(1) & Brody Smith(2) alleges that Defendant[s] Yvette Durant, Charles Ervin, Brad Dempster, Nathan Rust, Tamara Powers, Krystal Evans, Michelle Deberg-Anderson, Mike Fisher, Charles Henson, and Sophia Gonzales conducted illegal search and seizure of [Plaintiffs] person,

3.) residence, and automobile, falsely imprisoned [Plaintiff(2)] by stopping him, and threatening to arrest [plaintiffs], and physically restraining [Plaintiff(1)] without cause. Defendant's made a total of 4 illegal traffic stops to illegally interrogate locals regarding the intentions and actions of the Plaintiffs.

4.) Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the City of Downieville [County of Sierra], and that the City of Downieville and listed all listed Defendants are liable for "aiding and abetting fraud" see IN RE: Oster v Kirschner, 77 AD3d 51, 55, 905 N.Y.S.2d 69 (1st Dep't 2010); Stanfield Offshore Leveraged Assets, Ltd. v Metro. Life Ins. Co., 64 AD3d 472, 476, 883 N.Y.S.2d 486 (1st Dep't 2009)). Defendant's, JON LON COOPER, INGRID LARSON, LEESA WEBSTER, KATHY LINDSEY, SCOTT MCLERAN, AND JENNIFER AYERS [PUBLIC DEFENDERS] are also responsible as determined as "ACTUAL ACKNOWLEDGMENT" See IN RE ; (Syncora Guar. Inc. v Alinda Capital Partners LLC, 2013 N.Y. Misc. LEXIS 2943, *41-42 (N.Y. Sup. Ct. July 1, 2013)) , through "SUBSTANTIAL ASSISTANCE" see IN RE (Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co., 64 A.D.3d 472, 476 (N.Y. App. Div. 1st Dep't 2009)). AND "INEFFECTIVE COUNSEL" See IN RE (See Chambers v Weinstein, 44 Misc. 3d 1224(A), 1224A (N.Y. Sup. Ct. 2014)) Defendants [entirely] engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), and (Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828) Elliot v. Piersol) and [29] Mireles v. Waco 502 US 9, 116 L Ed 2d 9, 14, 112 S Ct 286 (US 1991) defines the individual liability and the adjudication of orders made under "fraud upon the court"

## JURISDICTION AND VENUE

5.) This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the CALIFORNIA

state

law pursuant to 28 U.S.C. § 1367. "foreign state", as DEFINED IN 28 U.S. Code § 1603. The CITY OF DOWNIEVILLE, COUNTY OF SIERRA, IS A "FOREIGN STATE" 33 U.S. Code § 931 A(1)&(2) - Penalty for misrepresentation IS A FELONY. ALL FOREIGN CASES ARE HEARD IN FEDERAL COURT, NOT CIRCUIT/SUPERIOR COURT.

6.) Venue lies in the United States District Court for the Eastern District of CALIFORNIA because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in SIERRA COUNTY, CALIFORNIA. (28 U.S.C. § 1391(b)(2)).

7.) Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in SIERRA COUTY, CA. (E.D.Mo. L.R. 2.07(A)(1), (B)(N)).

**PARTIES**

8.) PLAINTIFF, CAITLIN NICOLE PETERS, is an adult, and a resident of the COUNTY OF SIERRA, DOWNIEVILLE CA. She is a mother of 2 young children, the girlfriend to BRODY JAMES SMITH, and fulltime college student finishing her undergraduate in Homeland Security with a minor in Behavioral Psychology

9.) PLAINTIFF, BRODY JAMES SMITH, is an adult, a former resident of the COUNTY OF SIERRA, DOWNIEVILLE CA. He is a father of 2 young children, the boyfriend to CAITLIN NICOLE PETERS, AND was a member 713 Carpenters Union in Hayward Ca.

10.) DEFENDANT, YVETTE DURANT, is a [former as of roughly 4/2022] SUPERIOR court JUDGE for SIERRA COUNTY SUPERIOR COURT located in DOWNIEVILE CA. She is now a JUDGE for the NEVADA COUNTY SUPERIOR COURT, Truckee division, located in Truckee California. YVETTE DURANT, is being sued in her individual and occupational capacities.

11.) DEFENDANT, CHARLES ERVIN, is the Presiding Judge SIERRA COUNTY SUPERIOR COURT located in DOWNIEVILLE CA. He is still the active Judge. CHARLES ERVIN, is being sued in his individual and occupational capacities.

12.) DEFENDANT, SANDRA GROVEN, is the SIERRA COUNTY DISTRICT ATTORNEY located in DOWNIEVILLE, CA. She is still the District Attorney. SANDRA GROVEN, is being sued in her individual and occupational capacities.

13.) DEFENDANT's, MARY-ANN KNOEFLER, TOSHA PRINCE(BUCKBEE), AND JEAN-ANN CHATHAM?, CLERK OF THE COURT for SIERRA COUNTY SUPERIOR COURT located in DOWNIEVILLE CA. She is employed. MARY-ANN KNOEFLER, TOSHA BUCKBEE, AND JEAN ANN CHATHAM are being sued in their occupational capacities.

14.) DEFENDANT, MIKE FISHER, is the SIERRA COUNTY SHERIFF-CORONER located in DOWNIEVILLE, CA. He is still the active Sheriff-Coroner. MIKE FISHER, is being sued in his individual and occupational capacities.

15.) DEFENDANT, DARBY COLLIER, DEPUTY SHERIFF for SIERRA COUNTY CA. He is no longer employed as of date unknown. DARBY COLLIER, is being sued in his individual and occupational capacities.

16.) DEFENDANT, BRAD DEMPSTER, UNDER SHERIFF for SIERRA COUNTY SHERIFFS located in DOWNIEVILLE CA. He is still employed. BRAD DEMPSTER, is being sued in his individual and occupational capacities.

17.) DEFENDANT, NATHAN RUST, DEPUTY SHERIFF for SIERRA COUNTY SHERIFFS located in DOWNIEVILLE CA. He is still employed. NATHAN RUST, is being sued in his individual and occupational capacities.

18.) DEFENDANT, CHARLES HENSON, is the HEAD of PROBATION for the SIERRA COUNTY SHERIFFS OFFICE located in DOWNIEVILLE CA. He is still the active Head of Probation. CHARLES HENSON is being sued in his individual and occupational capacities.

19.) DEFENDANT, SOPHIA GONZALES, is a PROBATION OFFICER for the SIERRA COUNTY SHERIFFS OFFICE, located in DOWNIEVILLE CA. Her employment status with the Sierra County Probation Office is unknown. SOPHIA GONZALES is being sued in her individual and occupational capacities.

20.) DEFENDANT, KRYSTAL EVANS, EMPLOYMENT POSITION UNKNOWN. Possible UNLICENSED SOCIAL WORKER for CPS [Child Protective Services] SIERRA COUNTY CA

1  located in DOWNIEVILLE CA. She is still employed with SIERRA COUNTY. KRYSTAL EVANS is

2  being sue in her individual and occupational capacities.

3      21.) DEFENDANT, MICHELLE DEBERG-ANDERSON, SOCIAL WORKER for CPS of

4  SIERRA COUNTY CA. She is still employed. MICHELLE DEBERG-ANDERSON is being sued in her

5  individual and occupational capacities.

6      22.) DEFENDANT, JAMIE SCHILTZ, UNLICENSED SOCIAL WORKER HEAD OF CPS o

7  SIERRA COUNTY CA. located in DOWNIEVILLE CA. She is still employed. JAMIE SCHILTZ, is

8  being sued in her individual and occupational capacities.

9      23.) DEFENDANT, TAMARA POWERS, UNLICENSED SOCIAL WORKER for CPS OF

10  SIERRA COUNTY CA and business owner of 503.1c "TODDLER TOWERS". She is still employed.

11  TAMARA POWERS is being sued in her individual and occupational capacities.

12      24.) DEFENDANT, VICKIE CLARK, HEAD OF DHHS [Dept. Of Health and Human Service]

13  located in SIERRA COUNTY CA. She is still employed. VICKIE CLARK is being sued in her

14  occupational capacity.

15      25.) DEFENDANT, JANESSA WALKER, CASE MANAGER for DHHS located in SIERRA

16  COUNTY CA. She is still employed. JANESSA WALKER is being sued in her occupational capacity.

17      26.) DEFENDANT, KRISTINA DORN, CASE MANAGER for SIERRA COUNTY

18  BEHAVIORAL HEALTH located in DOWNIEVILLE CA. She is still employed. KRISTINA DORN, is

19  being sued in her occupational capacity.

20      27.) DEFENDANT, JON LON COOPER, SIERRA COUNTY PUBLIC "ADVISOR"[not bound

21  by attorney-client confidentiality]. He is still employed. JON LON COOPER, is being sued in his

22  individual and occupational capacities.

23      28.) DEFENDANT, INGRID LARSON, PUBLIC "ADVISOR"[not bound by attorney-client

24  confidentiality]. She is still employed. INGRID LARSON, is being sued in her individual and

25  occupational capacities.

26      29.) DEFENDANT, SCOTT MCLERAN, STATES ATTORNEY. His employment status with

27  SIERRA COUNTY is unknown. SCOTT MCLERAN, is being sued in his individual and occupational

28  capacities.

1    30.) DEFENDANT, KATHY LINDSEY, PUBLIC "ADVISOR" [not bound by attorney-client

2    confidentiality]. Her employment is unknown. KATHY LINDSEY is being sued in her individual and

3    occupational capacities.

4    31.) DEFENDANT, JENNIFER AYERS, PUBLIC "ADVISOR" [not bound by attorney-client

5    confidentiality]. Her employment is unknown. JENNIFER AYERS, is being sued in her individual and

6    occupational capacities.

7    32.) DEFENDANT, LEESA WEBSTER, PUBLIC "ADVISOR" [not bound by attorney-client

8    confidentiality]. Her employment is unknown. LEESA WEBSTER, is being sued in her individual and

9    occupational capacities.

10    33.) DEFENDANT, LAURA GRUTKOWSKI, PHYSICIANS ASSISTANT for WESTERN

11    SIERRA MEDICAL GROUP. She retired 3/2021. LAURA GRUTKOWSKI, is being sued in her

12    individual and occupational capacities.

13    34.) DEFENDANT, PETRA HALL, UNITED STATE POST OFFICE HEAD CLERK located in

14    DOWNIEVILLE CA. She is still employed. PETRA HALL, is being sued in her individual and

15    occupational capacities.

16    35.) DEFENDANT, CITY OF DOWNIEVILLE, LOCATED IN THE COUNTY OF SIERRA. IT

17    IS A MUNICIPLE CORPORATION AND THE EMPLOYER OF DEFENDANTS.

18

19    **BACKGROUND**

20    **BRODY JAMES SMITH (PLAINTIFF 2)**

21    36. PLAINTIFF, BRODY J. SMITH, on or about May 17, 2017 @ 2 am they arrived at the

22    DOWNIEVILLE RIVER INN. Where the owner (Mark Christiansen) had given PLAINTIFF and 2 other

23    employees keys, a power of attorney to acquire the Downieville River Inn, from Mark and retrieve

24    the financial records (papers, computer, and all information regarding the financials for the prior 3 years.

25    37. Upon arrival to the hotel, the front door was open, lock box for the keys was unlocked, and

26    after a honest attempt to "call out" to the inn keeper. BRODY SMITH AND 2 OTHERS, attempted to

27    make there way through the office and into the main front room. The initial door was unlocked but the

28

next door into a room was not locked. The Plaintiff wiggled the handled and then the 3 of them decided
to go eat breakfast in Grass Valley Ca and would return around 9am.

38. Upon arrival officer NATHAN RUST, was waiting for the PLAINTIFF to return. NATHAN
RUST conducting his interview and requested he follow him back to the police station, where a recorded
interview was done and an arrest followed. The PLAINTIFF was charged with Grand theft, Breaking and
Entering, and Elder Abuse. Along with the female employee. Out of 3 who arrived that day only 2 were
arrested. The other male was never even question by SIERRA COUNTY SHERIFFS.

39. During the SIERRA COUNTY SHERIFFS investigation into the charges they conducted 3
searches of the truck they had impounded the day of arrest. RUST reported "nothing in plain sight"
during the 2 searches. The third search (specific date unknown) RUST reported "drug paraphernalia &
victims credit card were sitting on the seat.".

40. OFFICER DARBY COLLIER, transported PLAINTIFF to the NEVADA COUNTY
PRISON, NEVADA CITY CA 95959. Where, COLLIER, stated "I Do not know why I am taking you to
jail for this it is ridiculous!"

41. Bail was posted set for $100,000, and posted that evening by Mark Christiansen, owner of the
DOWNIEVILLE RIVER INN.

42. PLAINTIFF and the 2 others returned to Martinez, CA where PLAINTIFF began the process
of selling his house to permanently move his family to the DOWNIEVILLE RIVER INN to manage and
take over the hotel.

43. PLAINTIFF moved to DOWNIEVILLE CA in or around November 2017.

44. Before court  in or around may 2018 the local enforcement SHERIFFS, FISH AND GAME
WARDENS , AND CHP attempted to search the DOWNIEVILLE RIVER INN (DVRI), with a
fraudulent "search warrant".

45. PLAINTIFFS' initial attorney for arraignment was JON LON COOPER, COURT
APPOINTED. DURING arraignment DEFENDANT was witnessed by JUDGE CHARLES ERVIN
[defendant], FORMER DISTRICT ATTORNEY LARRY ALLEN (replaced DUE TO SEVERE
ALCOHOLISM in or around 1/2018 with SANDRA GROVEN).

46. PLAINTIFF, WAS rearrested for his bail being revoked by MARK CHRISTIANSEN. The

owner of DVRI, PAYER OF BAIL AMOUNT. (SEE ATTACHED BAIL SCHEDULE). During the rearrest of PLAINTIFF 2 KNOWN MEN conducting a home invasion of the hotel. The 2 men stole all of PLAINTIFFS "VITAL DOCUMENTS" FOR HIM AND HIS FAMILY. DOCUMENTS CONSISTED OF SOCIAL SECURITY CARDS, BIRTH CERTIFICATE, SEVERAL YEARS WORTH OF PLAINTIFFS PERSONAL STATEMENTS AND RECORDS OR LICENSES OBTAIN BY PLAINTIFF. SIERRA COUNTY SHERIFFS VISUAL WITNESSED THE ROBBERY ALONG WIT A PLAINTIFF TO THIS CASE, AND A LOCAL RESIDENT WHO ENCOUNTERED THE 2 MEN WHILE GETTING CLOTHES FOR PLAINTIFFS 2 DAUGHTERS WITH THE RE-ARREST OF PLAINTIFF. SHERIFFS CONDUCTED NO INVESTIGATION, ON MULTIPLE ACCOUNTS RESPONDED STATING "FORGET ABOUT IT." ATTORNEY CUNAN DENIED TO AQUIRE THE PROPERTY STOLEN BY SIERRA COUNTY SHERIFFS THE DAY OF ARREST. ON 3 SEPARATE INCIDENTS PLAINTIFF REQUESTED INFORMATION REGARDING HIS BELONGINGS AND EVERY TIME HE WAS IGNORED AND GIVEN VAGUE UNINFORMATIVE RESPONSE. PLAINTIFF NEVER RECEIVED ANY OF HIS PERSONAL PROPERTY 4 IPHONES & A MAC COMPUTER,

47. In or around August 2018, PLAINTIFF was evicted from DVRI, received minimal wages, and his Privately paid attorney MATTHEW O'CONNOR. abandoned the case because PLAINTIFF refused to accept a plea deal with a 2-year sentence at Solano State Prison Dept. of Corr.

48. PLAINTIFF maintained his innocence through "Voire Dire".

49. In or around Feb. 2018 Appoinment of counsel was given to JON LON COOPER.

50. By AUGUST of 2019 JON LON COOPER had negligently lied to PLAINTIFFS.

51. JUNE 2018 PLANTIFFS were given an incorrect date. Causing a FTA "bench warrant".

52. PLAINTIFFS in "good faith" contacted the SIERRA COUNTY SUPERIOR COURT  to remedy the FTA.

53. PLANTIFF was advised by JON LON COOPER to "lay low, stay away from the bail agents cause they will be looking for you. Call tomorrow morning at 8am and ask to be directed to the JUDGE YVETTE DURANT.

54. The following morning PLANTIFFS called at 8am and every hour consecutively until closing

1    at 4pm. JEAN-ANN CHATHAM, TASHA BUCKBEE, AND MARY-ANN KNOEFLER  all answered

2    the phone call at least one time. With generic responses and refused to send the call to the courts so the

3    PLANTIFF could remedy the FTA & "Bench warrant" issued. JON LON COOPER never, informed

4    JUDGE YVETTE DURANT of is honest attempts with in a reasonable about of time to remedy the FTA,

5    ensuring PLAINTIFF had made no attempt to "obsconder" at any time.

6        55. JON LON COOPER refused to do any effect counseling or defend the PLAINTIFF at any

7    time while representing the PLAINTIFF. If anything JON LON COOPER cause irrefutable damages to

8    PLAINTIFFS.

9        56. JULY 2019 PLAINTIFF was arrested in TUOLOMNE COUNTY for an FTA "bench

10   warrant. IN SPITE OF, ALADDIN BAIL reinstating bail within 24 hrs of the issuance of the "bench

11   warrant.

12       57. DISTRICT ATTORNEY SANDRA GROVEN raised PLAINTIFFS bail to 150,000. Bail was

13   posted a second time through ALADDIN BAIL BONDS.

14       58. From July- August 2019 PLAINTIFFS mental stability began to quickly decline. Plaintiff

15   began to hallucinate, inflicting injury through self-harm, physical ailments and the ability to comprehend

16   the actions of the court. Placing PLAINTIFF with the need for a representative and would ensure

17   PLAINTIFFS Rights were not violated.

18       59. Causing the 2nd FTA while PLAINTIFF was being seen in the ER in MARTINEZ CA.

19   PLAINTIFF had past out and fell causing him to hit his head and have a concussion.

20       60. PLAINTIFF, again contacted the court before 12 pm the day of missed court. By that evening

21   PLAINTIFF have spoken to his bail agents, opposite of the direction given by JON LON COOPER to

22   "lay low". Despite, the PLAINTIFFS attempts to remedy the 2nd FTA. He was arrest the night by

23   MARTINEZ PD. Where is was traumatized by the encounter and 4 days in the "SHU". He was

24   transferred to 3 jail depriving him of a phone call or a way to contact his attorney. 7 days later he was

25   transported from RICHMOND COUNTY JAIL to NEVADA COUNTY PRISON by officer LONG-

26   MIRE MCGEE.

27       61. The DISTRICT ATTORNEY, SANDRA GROVEN, again raised bail to 300,000. Making

28   bail so excessive, making false allegations of "bail being attained through felonious acts.." and the

1  PLAINTIFF(1) under oath to explain the source of funding. As it was attained by PLAINTIFFS mother.

2  62. After a week of the courts refusal to allow anyone to be present during the proceedings and

3  bail hearings, PLAINTIFF expressed his fear of not knowing what he had plead to.

4  63. 8/1/2019 PLAINTIFFS filed a HABEAS CORPUS, MOTION FOR EVIDENTIARY

5  HEARING, POLICE MISCONDUCT, LANTERMAN PETRIS SHORT ACT, MARSY HEARING,

6  AND ASSIGNMENT OF CONSERVERTORSHIP TO BE GIVEN TO A PLAINTIFF IN THIS CASE

7  64. Although, Court of the CLERK, MARY_ANN KNOEFLER initially refused the filings with

8  hesitation she stamped and accepted them, refusing the evidence record communications between

9  PLATIFFS and JON LON COOPER, the days leading up to this final arrest.

10  65. JON LON COOPER recused himself stating " I CAN NOT WORK WITH HIS

11  GIRLFRIEND SO I WILL QUIT."

12  66. By September 2019, Attorney JEFF CUNAN from QUINCY CA, COUNTY OF LASSEN

13  was appointed to PLAINTIFFS case. From September 2019 to January 2020 PLAINTIFFS was confident

14  he had finally received effective counsel and would be able to dismiss the case on several defenses. The

15  day of "VOIR DIRE" The jury had been selected and the evidentiary hearing was concluded. Leaving

16  the DISTRICT ATTORNEY (D.A) SANDRA GROVEN with no evidence to sustain the allegations of

17  her prosecution. During a break before trial would begin, D.A. intimidated and extorted a plea stating

18  "EVEN IF YOU WIN I WILL GIVE YOU THE MAX FOR THE PENFING FTA's."  In a state of panic

19  the PLAINTIFF accepted the plea while suffering a mental health condition that they neglect to take

20  action once the LPS-SHORT ACT was filed, but did acknowledge only one motion the "Marsey

21  Hearing"

22  67. JEFF CUNAN assisted in closing the sentencing set for 30 days from that date with a

23  surrender date 3/10/2020 (4 months in jail, roughly 30000 in restitution to victim, and 5 year felony

24  probation.), but recused himself from representing PLAINTIFF in the FTA and a "driving on a

25  suspended" stating it was a "conflict of interest" because he was present, and JEFF CUNAN vanished.

26  68. ATTORNEY GREGORY KLEIN was then appointed for the FTA and "driving on a

27  suspended".

28  69. The FTA and "driving on a suspended license" was continued until PLAINTIFF was released.

2 days after he self-surrendered NOVEL CORONA VIRUS/ COVID19/ WUHAN VIRUS SWEPT THROUGH TH UNITED STATES. By 3/15/2020 the entire state had been placed of "lock-downs" and instructed to not go out of your house.

70. PLANTIFF was suffering from a mental break and is also a "high risk" for contracting the virus as he is severely asthmatic.

71. PROBATION OFFICER CHARLES HENSON, refused to consider the advice for "house arrest" of the SUPREME COURT OR EXECUTIVE ORDERS BY GOVENOR NEWSOM.

72. CHARLES HENSEN, BOARD OF SUPERVISOR DISTRICT 1 LEE ADAMS, AND MIKE FISHER SLANDERED AND WENT ON FACEBOOK MAKING CRUDE REMARKS DIRECT AT A GENUINE FEAR THE DEFENDANT WAS BEING FORCED TO ENDURE. Considering he never committed a crime and was never found guilty but rather D.A GROVEN EXTHORTED A PLEA DEAL BY THREATS AND INTIMIDATION. (SEE ATTACHMENT)

73. CHARLES HENSON had miscalculated Plantiffs release date and if PLAINTIFFS HAD NOT TAKEN NOTICE, PLAINTIFF would have served 30 extra days incarcerated during the worlds scariest event to take place since the Spanish flu.

74. Plaintiffs continued seeking relief through writing letters of complaints to numerous government agencies. PLAINTIFFS WROTE AN EMAIL TO roughly 30 recipients. Only 4 of the email were successfully sent to government agencies and State Legislature (SEE ATTACHMENT).

75. CHARLES HENSON WAS AMONG THE RECIPIENTS THAT RECEIVED THE EMAIL. He also expressed his disapproval of me requesting the assistance of his Superiors and said if I had a grievance to contact HEATHER FOSTER.

76. In or around April 2020 complaint letters were sent out to JUDICIAL COMMISIONER, DEPARTMENT OF JUSTICE Civil rights division, ATTORNEY GENERAL, BEAURE OF PRISONS, OMBUDSMAN FOR DDEPARTMENT OF CORRECTIONS, DOUG LA MALFA, PRESIDENT TRUMP, SENATOR FEINSTEN but to no avail. (SEE ATTACHMENT)

77. PLAINTIFF WAS RELEAED ON OR AROUND JUNE 10,2020.

78. LESS THAN 30 DAYS CHP OFFICER ZACH (LAST NAME UNKNOWN) DID A TARGETED TRAFFIC STOP AND arrested PLAINTIFF and impounded PLAINTIFF(1) honda civic

1    for outdated registration and "VOP". Costing over 5000 and the mental anguish and state of fear by being

2    incarcerated during COVID 19. CHP OFFICER acknowledge that CHARLES HENSON approved the

3    arrest but then misled PLAINTIFFS to believe that he would correct it after the fact. MAKING statement

4    in response to PLAINTIFFS genuine fear saying "If BRODY dies in jail due to COVID 19 that will be a

5    tragedy." PLAINTIFF was refused information regarding bail or of his whereabouts for several hours.

6    CHARLES HENSON knew the action of that day were going to leave PLAINTIFFS without a vehicle,

7    out 5000 dollars when they were banned from going to work, and intentionally caused harm for nothing

8    more than his enjoyment in hurting another human being.

9        79. Brody was released 24 hours later and was forced to hitchhike for a duration of time while

10   PLAINTIFF was able to find a vehicle.

11       80. OCTOBER 2020 JUDGE CHARLES ERVIN was judge to the unlawful detainer filed against

12   the PLAINTIFFS for the landlord to evict them because of the sale of his home. Eventhough JUDGE

13   ERVIN possessed discretion to refuse the unlawful detainer on the prinicple and his moral duty to

14   humanity and ensure  "what should be done shall be done" However, he gave PLAINTIFFS 7 days to

15   vacate or both of them would be arrested for "trespassing".  At 6pm 3 SIERRA COUNTY SHERIFFS

16   BRAD DEMPSTER, MIKE FISHER, and an unknown sheriff arrived to harrass and bully PLAINTIFFS

17   about vehicle registration knowing the circumstances of the previous impound and the closures of DMV.

18       81.PLAINTIFFS Probation officer SOPHIA GONAZALES abanded her duties and

19   responsibilities to assist in the recover of release inmates. After 6 months she quit receiving and returning

20   calls. PLAINTIFFS have been chronically homeless immediately following the judgement from JUDGE

21   CHARLES ERVIN regarding PLAINTIFFS discriminatory eviction.

22       82. Although, interactions with law enforcement have quieted down. It may be because

23   PLAINTIFF does not come outside, fears going to the river, driving his car, being seen at the store,

24   driving through DOWNIEVILLE, has not seen in 2 children in 3 years, and can not work due to the

25   conviction and active warrant.

26       83. PLAINTIFFS mental state as continued to decline in every aspect of daily life. Making

27   "activities of daily living" a constant struggle. His memory has rapidly declined. His ADHD is over

28   working and because he fears talking to anyone as he believes they will tell on him so he will go back to

1  jail, he quit attending counseling and any medication therapy for a still undiagnosed and intentionally

2  inflected by the agencies directly responsible for "assisting the public" but rather they grossly neglected

3  to honor their duties to uphold the US CONSTITUTION and the citizens it was meant to protect.

4  84. On three separate occasion PLAINTIFF was physically attacked by a local man, a local bar

5  tender. No investigation was opened into the attack.

6  85. in or around February 2020 a local resident brandished a knife, slashed both tires on the driv

7  side of our 2003 Cadillac Escalade (MIKE FISHER impounded APRIL 2020.), and under a street light

8  threat to "kill" PLAINTIFF. Then took off running.

9  86. Long-Mire McGee a deputy of SIERRA COUNTY SHERIFFS came on foot roughly 10 mins

10  after alerting law enforcement of the assault and vandalism. DEPUTY told me to conduct a "citizens

11  arrest" because there was nothing he could do. He took a routine report and the following morning the

12  D.A was contacted by PLAINTIFF (1) regarding victim compensation for the replacement of the 2

13  vandalized tires. PLAINTIFFS were denied compensation.

14  87 On 4 separate occasions MIKE FISHER and CHARLES HENSEN discriminate against

15  defendants by threatening the freedom and safety of 3 different resident in DOWNIEVILLE CA. MIKE

16  FISHER conducted 3 traffic stops removing them from their vehicles at gun point. MIKE FISHER had

17  intended to coerce a false statement against the PLAINTIFFS but to no avil. CHARLES HENSON

18  informed a longtime resident that if he was seen involving himself with PLAINTIFF or he would be

19  given a PAROLE VIOLATION and sent back to prison. (WITNESSES ARE CONFIDENTIAL UNTIL

20  TRIAL)

21

22  <center>CAITLIN NICOLE PETERS (PLAINTIFF 1)</center>

23  88. On or around AUGUST 2018 PLAINTIFF helped PLAINTIFF move out of the DVRI after is

24  eviction. He was given 30 days to vacate.

25  89. In September 2018 CPS, un-licensed social workers, JAMIE SCHILTZ, TAMARA

26  POWERS, AND MICHELLE DEBERG-ANDERSON unlawfully confronted the PLAINTIFFS mother

27  insisting she file for a guardianship against PLAINTIFF (1), stating PLAINTIFF is "unstable and not

28  taking her medication..."

90. PLAINTIFF was diagnosed BI-Polar II which was rediagnosed as "POST- CONCUSSIVE DISORDER". PLAINTIFF had severe concussion and 3 "boxers" fractures to her left eye socket. DOMESTIC VIOLENCE BETWEEN PLAINTIFF AND HER FATHER 6/6/15. . Charges were never filed because PLAINTIFFS father was pronounced dead 48 hours later.

91. PLAINTIFF (1) have previous interactions with CPS in SIERRA COUNTY CA regarding placement for her (at the time) 9 year old son struggle from severe depression and attempted suicide.

92. JAMIE SCHILTZ and 1 other social worker name unknown advocated and guided PLAINTIFFS FAMILY for the year her son was placed outside the home at GREEN ACRES GROUP HOME in SEBASTAPOL CA.

93. PLAINTIFF filed a lawsuit against the SUPERINTENDENT AND SPECIAL EDUCATION TEACHER.

94 The lawsuit was in response to fraud, abuse, mismanagement of special education funding, and is still in court through JUDGE CHARLES ERVIN

95. In September 2018 JUDGE CHARLES ERVIN granted the "temporary guardianship" on the ground of "I do not have to grant the guardianship but considering the last couple years. You should take this time and figure things out. So, I am granting the guardianship because I can."

96. immediately, after court the kids were release back to the PLAINTIFFS.

97. When deputy LONG-MIRE-MCGEE confronted the realse of the 2 children after the hearing PLAINTIFFS mother responded "My daughter is a good mother, I just needed to prove a point.

98. PLAINTIFFS mother, ROBIN LANGSTON, has been diagnosed with Multiple SCLEROSIS since 1996. ROBIN LANGSTON initial onset of illness led to paralysis from the waste down and the entire right side of her body. Rendering ROBIN LANGSTON cognitive abilities and reasoning drastically impairing her judgement and her ability to understand rationale and irrationale decisions.

99. SOPHIA GONZALES was the Probation investigator for the court and conducted "reviews" monthly. Sending the "reviews" to JUDGE CHARLES ERVIN.

100. PLAINTIFF and her 2 children were active participants in family counseling, individual counseling, and medication therapy through SIERRA COUNTY BEHAVIORAL HEALTH SVCS located in DOWNIEVILLE CA.

101. KRISTINA DORN & DANIELLE WILLIAMSON were "parent-teacher navigators" or a liaison SO PLAINTIFF could unsuccessfully maneuver the IEP system within the EDUCATION DEPARTMENT OF EDUCATION-SIERRA PLUMAS JOINT UNIFIED SCHOOL DISTRICT.

102. PLAINTIFFS oldest child was released from GREEN ACRES GROUP HOME February of 2017. BY that summer it became apparent to the agents and PLAINTIFFS that the SPJUSD conducted themselves in gross misconduct of rights protecting "special education programs and the students withi them".

103. PLAINTIFFS advocate brought in a CIVIL rights representative HEIDI BEHLKE to direct more appropriately.

104. IN or around JUNE 2017 PLAINTIFF had obtain legal representation through SOCIAL COLLECTIVE JUSTICE located in BERKELEY Ca a civil rights attorney specializing in education discrimination. , Gautam Jagganath.

105. In august of 2018 PLAINTIFFS ATTORNEY filed a lawsuit against SPJUSD.

106. PLAINTIFFS children were removed from HER care IN OR AROUND THE SAME MONTH.

107. A REVIEW WAS SUBMITTED EVER FEW MONTHS.

108 Each review by SOPHIA GONZALES was in favor of full removal of custody of both of PLAINTIFFS 2 minor children.

109. PLAINTIFF expressed immediate concern with the conduct of the "INVESTIGATIVE" reports as THEY DISCLOSED VITAL INFORMATION SUCH AS SOCIAL SECURITY NUMBERS AND SPECIFIC GENOELOGICAL INFORMATION FOR ALL PARTIES AND MINORS.

120 Although, SOPHIA GONZALES, disliked the change JUDG ERVIN Enforced the removal of information as it is not pertaining to anything within the scope of the case but rather more "breach of privacy.

121. In or around AUGUST 2019 JUDGE ERVIN extended the guardianship for another year.

1  Despite PLAINTIFFS records of facts (117 pgs) the courts still found that it was "in the best interest" to

2  continue the guardianship.

3       122. JUDGE CHARLES ERVIN requested PLAINTIFF to find a residency by the time the

4  reevaluated the "status" of the guardianship.

5       123. During the review SOPHIA GONZALES made it clear I was to "not live with the minors, to

6  have no overnights visits.

7       124. SOPHIA GONZALES AND DEPUTY NATHAN RUST on 2 separate occasions illegally

8  went to PLAINTIFFS school and interviewed her in the absence of representation by either the guardian

9  or the PLAINTIFF.

10       125. taking statements in perjury. SOPHIA GONZALES also encouraged my daughter to "call

11  her anytime the PLAINTIFF'S made the PLAINTIFFS minor "uncomfortable" SOPHIA GONZALES

12  falsey promied my daughter she would "get her mommy back if she got rid of her mommys boyfriend…"

13  Also, a PLAINTIFF in this complaint.

14       125. from the date of the filing to 2019 both of PLAINTIFFS minor children were not attending

15  school, getting in trouble with law enforcement, and failing school.

16       126. PLAINTIFF WAS AND IS THE SOLE SUPPORT FOR WHAT BEST FOR THE

17  MINORS.

18       127. JUDGE ERVIN continued the guardianship for another year. Stating PLAINTIFF had no

19  grounds to the evidence PLAINTIFF submitted and SOPHIA GONZALES made slanderous allegations

20  that the 117 pages were "hersay" and had no real weight in court. However

21       128. Prior to court a local landlord had agreed to allow PLAINTIFFS to move into a small cabin

22  just outside the town of DOWNIEVILLE to a place called COYOTEVILLE CA. The day before the

23  guardianship the landlords girlfriend called and slandered PLAINTIFFS denying them residence stating

24  we were thieved and that my boyfriend was a "thief" and guilty of a crime he never committed.

25       129. The landlord were being influenced to discriminate against PLAINTIFFS by refusing

26  tenancy. LANDLORDS feared retaliation as 2 other landlords immediately rejected tenancy because they

27  wanted nothing to do with the way the community was treating PLAINTIFFS in fear they would receive

28  similar treatment by the community.

130. The month of PLAINTIFFS trial in or around MARCH 2020 the local SHERIFFS and CPS attempted to conduct an unwarranted search and seizure of our physical residence. TAMARA POWER, KRYSTAL EVANS, and MICHELLE DEBERG-ANDERSON along with OFFICER BAYLEY, OFFICER DEMPSTER, and OFFICER BRAD DEMPSTER.

131. The SHERIFFS OFFICERS approached the PLAINTIFFS residence will guns fully drawn and demanded to allow the unlicensed SOCIAL WORKERS TO CONDUCT THEIR SEARCH. PLAINTIFF (1) REFUSED ENTRANCED.

132. OFFICER RUST stated "They were there conducting a "probation" search. PLAINTIFF (2) had not gone to trial and was still on bail.

133. When that was unsuccessful they then stated they had the right to search the house or they would arrest PLAINTIFF in the presence of her minor children and his friends.

134. There was never a warrant produced. AFTER 45 mins and the officer loudly slandering the PLAINTIFFS in front of the residence and in the presence of numerous onlookers and neighbors within earshot of the SHERIFFS exceptionally loud voice.

135. After COVID 19 lockdowns PLAINTIFF went 3 months without any contact with the 2 minors.

136. DURING an approved visit by the guardian about half way through the guardian called the SHERIFFS and insisted they need to come get PLAINTIFFS daughter.

137. At NO point was a CPS case filed against the PLAINTIFF

138. In OCTOBER 2020 PLAINTIFFS were evicted from the home they had been residing in since 2017.

139. PLAINTIFFS gave an honest attempt at requesting assistance from all county programs and was continually denied.

140. Even though, PLAINTIFFS turned in the necessary documents to fulfill the CDC requirements during the moratorium. JUDGE CHARLES disregarded human life and allowed the eviction to go through.

141. During the trial PLAINTIFFS requested a continuance as they were ill equipped in the area of housing law and their rights. JUDGE ERVIN denied the request stating "DON'T WORRY I WILL

GUIDE YOU…"

145. The PLAINTIFFS moved into the parking lot of DOLLAR GENERAL in Grass Valley CA until they were asked to leave.

146. PLAINTIFFS request 1 month in a hotel for homeless assistance. The last day of the hotel the CPS filed a TRO, immediate removal of minor child and termination of any visits.

150. The COURTS were now stating PLAINTIFF has a long history of drug abuse and a history of abuse and neglect.

151. AT NO POINT WERE EITHER OF THE PLAINTIFFS MINOR CHILDREN IN A SITUATION THAT WOULD WARRANT A JUVENILE DEPENDENCY HEARING.

152 DURING THE 1ST DEPENDENCY HEARING ALL PARTIES WERE GIVEN REPRESENTATION THAT WAS NOT BOUND BY CONFIDENTIALITY AS STATED BY JUDGE YVETTE DURANT

153. ON March  27 2021 THE COURTS GRANTED CUSTODY TO THE PLAINTIFFS HUSBAND A KNOWN ADDICT, BACKGROUND RECORD FOR DOMESTIC VIOLENCE AGAINST ME, AND NUMEROUS ALLEGATIONS OF RAPE AND ASSAULT SPANNING THE OVER 20 YEARS.

154. ALTHOUGH, PLAINTIFF COMMITED NO CRIMES, HAS NO RECORD, AND CONTINUES TO FIGHT FOR HER CHILDREN SHE IS CONTINUALLY PUNISHED FOR BEING A GOOD MOTHER.

155. OCTOBER 2021 PLAINTIFF RIGHTS WERE TERMINATED WITHOUT ANY EVIDENCE TO WARRANT SUCH CRUEAL AND UNUASAL PUNISHMENT AND MALICIOUS PROSECUTION.

156. AT NO POINT WAS INGRID LARSON EFFECTIVE REPRESENTAION

157. PLAINTIFF REQUESTED AN APPEAL AND WAS DENIED BY COUNSEL TO ASSIST IN THE APPEAL.YVETTE DURANT INTENDED TO CAUSE HARM AND EFFECTIVELY ACHIEVE THE HIGHEST OF CRUEL AND UNUSUAL PUNISHIMENT THE PLAINTIFF COULD BE SUBJECT TO .

160. UNTIL JULY 2022 PLAINTIFF WAS RESTRICTED WITH UNSUPERVISED VISITS.

161. PLAINTIFF IMMEDIATELY REQUESTED AN APPEAL AND THE COURT CLERKS INTENTIONALLY DELAYED THE FILING AND THEN REJECTED IT FOR "UNTIMELY".

162. THE COURT OF JURIDICITION FOR THE PLAINTIFF MINORS IS SAN JOAQUIN FAMILY COURT IN STOCKTON CA.

163. PLAINTIFF FILED BACK IN THE COURT OF JURISDICTION BUT NEVER RECEIVED ANY FILING RESPONSE FROM THE FAMILY LAW COURT.

164. PLAINTIFF LATER LEARNED THAT AN UNKNOWN PERSON HAD CHAGED HER KNOWN PO BOX IN GRAS VALLEY TO AN UNKNOWN PO BOX IN NEVADA CITY CA.

165. PLAINTIFF LODGED COMPLAINTS WITH THE POST OFFICE AND THE NATIONAL OFFICE FOR USPS TO NO AVAIL AS ANY AND ALL CORRESPONDENCE INCLUDING BUT NOT LIMITED TO PHONE CALLS MESSAGES EMAILS AND MAIL ARE INEVITABLY CORRUPTED EVERY TIME.

166. THE MOST RECENT INCIDENT BEING 7/11/22 THE PLAINTIFFS FAMILY BET VALUING 3200 WAS STOLEN FROM THE PLAINTIFFS RESIDENCE IN DOWNIEVILLE CA.

167. THE LOCAL RESIDENCE AND COURT EMPLOYEES, SPECIFICALLY MAY-ANN KNOEFLER HAS BEEN HEARD SAYING SHE WAS GOING TO STEAL PLAINTIFFS FAMILY PET.

168. THE CITY OF DOWNIEVILLE RESIDENTS DISCRIMINATES AGAINST THE PLAINTIFF ON INACCURATE AND FALSE STATEMENTS MADE FROM THE LOCAL COURTS DISCLOSING PERSONAL INFORMATION OF PLATIFFS TO LOCALS.

## COUNT 1

4th amendment violations by police entering home without a warrant without consent and without emergency for the defendants to conduct an unreasonable search and seizure of the occupants. OFFICERS ACTED WILLFULL AND WANTON.

**COUNT 2**

"Silence can only be equated with fraud where there is a legal or moral duty to speak or where An inquiry left unanswered would be intentionally misleading."(424 F.2d 1021. UNITED STATES V. Horton R. PRUDDEN, No 28140. United States Courts Of Appeals, Fifth Circuit 1970) ALL DEFENDANTS, have the obligatory duty to inform and continually train their officers properly, and because they failed to do so. PLAINTIFFS endured (ongoing) "cruel and unusual" with the intent to cause emotional damage, financial harm, and severe deprivation and loss for an extended length of time, ie. Torture as explained in People v. Talamantez ((App. 4 Dist.1984, 169 C.A.3d 443, 215 Cal.Rptr. 542)) was caused by their agents and agencies that were sworn an oath to protect the American Constitution of the United States as well as the state's constitution

**COUNT 3**

Lanterman Short Act; safeguards through ((W&I Sec. 5325.1)) "Judge Charles Ervin prejudicial violated the protections of a protected class." ((W&I Sec. 5326: California Welfare and Institutions Code, at no point will a person be denied rights under Section 5325... regarding "good faith clause" OF CODE 5000, and in Title 9 of the California Code of Regulations. California Welfare & Institution Code, section 5000 et seq. (W&I Sec. 5003) Judge Charles Ervin, handle this case with disregard to any ethical or moral obligation to justice or to human life. Defendant's Maliciously neglect to his ethical and moral duties under (W&I Sec.5250,5260, 5270, 5300) By denying the plaintiff's mental health rights while incarcerate at "Nevada County Prison" filed A"LPS-short Act", 8/1/2019" request "A hearing MUST be held for each involuntary detainment period." JUDGE CHARLES ERVIN NEGLICTED HIS DUTY TO PROTECT INAMTES SUFFEREING FROM DISABILITY. THE LPS-SHORT ACT MAKE ANY PLEA TAKEN WHILE SUFFER A MENTAL HEALTH EPISODE IS RENDERED INVALID

**COUNT 4**

Due Process - 14th Amendment (deprivation of liberty) C.A. Const., art 1, § 7 (due process, equal protection) The Defendants violated these constitutional amendments that are put in place to protect the rights of PLAINTIFFS.

Case No.                                    21

1

## COUNT 5

2

### VIOLATIONS of 42 U.S.C. § 1985(3) CIVIL RIGHTS CONSPIRACY

3

4

126.        The plaintiff hereby incorporates the averments contained in the four corners of this petition.

5

6

**1. Civil Conspiracy Averments**

7

127.        The DEFENDENTS, *Sierra County Sheriff's Dept*, CORONER MIKE FISHER, BRAD
DEMPSTER, NATHAN RUST, FORMER SHERIFF DARBY COLLIER AND ITS CORPORATE
CHARTER, *Superior Court Judges*, YVETTE DURANT AND CHARLES ERVIN

8

*Clerk of the Court*, MARYANN KNOEFLER AND TASHA PRINCE AND JEAN ANN CHATHAM
*Sierra County (CPS) Social Workers*, JAMIE SCHILTZ, JANESSA WALKER, TAMERA POWERS,

9

VICKI CLARK, KRYSTAL EVANS, MICHELLE DEBERG-ANDERSON
*Sierra County Probation Dept*, CHARLES HENSON AND SOPHIA GONZALES

10

*Public Defenders*, J. LON COOPER, INGRID LARSON, SCOTT MCLERAN, KATHY LINDSEY,
JENNIFER AYERS, LEESA WEBSTER *District Attorney*, SANDRA GROVEN

11

*Sierra County Behavioral Health*: KRISTINA DORN joined IN an ongoing Civil Rights Conspiracy.

12

**(1) a combination between two or more persons**

13

128.        The defendants *Sierra County Sheriff's Dept*, CORONER MIKE FISHER, BRAD DEMPSTER,
NATHAN RUST, FORMER SHERIFF DARBY COLLIER AND ITS CORPORATE CHARTER,

14

*Superior Court Judges*, YVETTE DURANT AND CHARLES ERVIN
*Clerk of the Court*, MARYANN KNOEFLER AND TASHA PRINCE AND JEAN ANN CHATHAM

15

*Sierra County (CPS) Social Workers*, JAMIE SCHILTZ, JANESSA WALKER, TAMERA POWERS,
VICKI CLARK, KRYSTAL EVANS, MICHELLE DEBERG-ANDERSON

16

*Sierra County Probation Dept*, CHARLES HENSON AND SOPHIA GONZALES
*Public Defenders*, J. LON COOPER, INGRID LARSON, SCOTT MCLERAN, KATHY LINDSEY,

17

JENNIFER AYERS, LEESA WEBSTER *District Attorney*, SANDRA GROVEN  *Sierra County
Behavioral Health*: KRISTINA DORN are state employees joining and participating in the Civil Rights conspiracy by

18

violating laws and duties in concert with the legally separate entity, the corporate defendant CITY OF DOWNIEVILLE,
COUNTY OF SIERRA STATE OF CALIFORNIA.

19

20

129.        The defendant CHARLES ERVIN AND YVETTE DURANT ARE a state employee[S] joining, participating,

21

AND LEADING in the Civil Rights conspiracy by violating laws and duties in concert with the legally separate attorney[S]

22

JON LON COOPER, INGRID LARSON, JENNIFER AYERS, KATHY LINDSEY, SCOTT MCLERAN, AND LEESA

WEBSTER ARE  employed by THE COUNTY OF SIERRA..

23

24

130.        The defendant[S] MIKE FISHER, BRAD DEMPSTER, NATHAN RUST, AND DARBY COLLIER ARE

25

unlawfully conspiring or in the alternative participating in concerted action with the defendant CHARLES ERVIN AND

YVETTE DURANT to commit extrinsic fraud on the State of CALIFORNIA courts.

26

27

**(2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means,**
www.wordautomation.com

28

131.     The defendant JAMIE SHILTZ, TAMARA POWERS, KRYSTAL EVANS, MICHELLE DEBERG-ANDERSON, VICKIE CLARK, KRISTINA DORN participated in concerted action with the defendant CHARLES ERVIN AND YVETTE DURANT to commit extrinsic fraud on the State of CALIFORNIA courts for the purpose of collecting an unlawful debt from PLAINTIFFS and to injure PLAINTIFFS PERSONAL AND business property interests RECKLESLY AND INTENTIONALLY.

132.     The defendant CHARLES ERVIN AND YVETTE DURANT participated in concerted action to commit extrins fraud on the State of CALIFORNIA courts for the purpose of defeating PLAINTIFFS efforts to protect THEIR CONSTITUTIONAL RIGHT from abuse and to prevent the unlawful conduct of COUNTY AND GOVERNMENT agency from being exposed and stopped.

133.     The defendants VICKIE CLARK, JANESS WALKER, AND KRISTINA DORN participated in concerted action to deprive the plaintiff of his property rights to COVID 19 Emergency Rental Assistance Program BY DENYING ACCESS TO FUNDS NECESSARY FOR AVOIDING EVICTION, PLAINTIFFS RIGHT TO AFFORDABLE HOUSING BY INTENTIONALLY VIOLATING THE PLAINTIFFS RIGHT TO PRIVACY BY COURT EMPLOYEES, AND THE RIGHT TO HOUSING WITHOUT DISCRIMINATION for the purpose of succeeding with their Abuse of Process scheme to cause BOTH PLAINTIFFS TO BE EVICTED BY UNLAWFUL DETAINER DURING A PANDEMIC ] The Tenant Safe Harbor Act, Chapter 127 of 2020] PLAINTIFF (2) to be jailed, PLAINTIFF (1) TO BE PUBLICALLY RIDUCULED AND DEFAMATION OF CHARATCER AS RETALIATION FOR COMPLAINTS SENT IN REQUESTING ADMINISTRATIVE ASSISTANCE.

**(3) an act done by one or more of the conspirators**

**pursuant to the scheme and in furtherance of the object,**

134.     The defendants *Sierra County Sheriff's Dept*, CORONER MIKE FISHER, BRAD DEMPSTER, NATHAN RUST, FORMER SHERIFF DARBY COLLIER AND ITS CORPORATE CHARTER, *Superior Court Judges*, YVETTE DURANT AND CHARLES ERVIN *Clerk of the Court*, MARYANN KNOEFLER AND TASHA PRINCE AND JEAN ANN CHATHAM *Sierra County (CPS) Social Workers*, JAMIE SCHILTZ, JANESSA WALKER, TAMERA POWERS, VICKI CLARK, KRYSTAL EVANS, MICHELLE DEBERG-ANDERSON *Sierra County Probation Dept*, CHARLES HENSON AND SOPHIA GONZALES *Public Defenders*, J. LON COOPER, INGRID LARSON, SCOTT MCLERAN, KATHY LINDSEY, JENNIFER AYERS, LEESA WEBSTER *District Attorney*, SANDRA GROVEN *Sierra County Behavioral Health*: KRISTINA DORN did the above-described violations of 42 U.S.C. § 1983 in furtherance of an objective to prevent advocacy on behalf of Civil Rights for victims of intentional wrong doing by "fraud in the courts", malicious prosecution, illegal and unwarranted search and seizure of PLAINTIFF[S] SELF AND MINOR CHILDREN.

135.     The defendants CHARLES HENSEN and SOPHIA GONZALES, MIKE FISHER, NATHAN RUST, AND BRAD DEMPSTER, KRYSTAL EVANS, TAMARA POWERS, JAMIE SCHILTZ, MICHELLE DEBERG-ANDERSON,

VICKIE CLARK, JANESS WALKER,AND KRISTINA did the above described violations of 42 U.S.C. § 1983 in furtherance of an objective to prevent advocacy that would threaten the criminal franchises flourishing in domestic relations case management and to prevent THE PLAINTIFFS FROM COMPROMISING CALIFORNIA SOCIAL WORKERS JAMIE SCHILTZ, KRYSTAL EVANS, MICHELLE DEBERG-ANDERSON, SOPHIA GONZALES, AND TAMARA POWERS BY EXPOSING THEIR LACK OF LICENSING AS INFORMED TO PLAINTIFFS BY THE "ASSOCIATION OF SOCIAL WORKERS" [SEE ATTACHMENT] AND from offering services in competition to the members of the enterprises benefiting from the criminal franchises permitted by CITY OF DOWNIEVILLE AND SUPERIORS COURT JUDGES negligent supervision. DEFENDANTS PROTECTED THE CRIMINAL ACTS OF EACH AGENCY TO COMMIT FRAUD AGAINST THE UNITED STATES GOVERNMENT BY IMPERSONATING A GOVERNMENT EMPLOYEES, AND ILLEGALLY CONDUCTING BUSINESS AS UNLICENSED SOCIAL WORKERS.

### (4) which act results in damage to the plaintiff

136.	The PLAINTIFFS ARE CONTINUING TO BE injured in legitimate expectations of property, income and the opportunity to support THEIR children that THEY had a rightful entitlement to as described in the above paragraphs of this complaint.

### 2. Conspiracy to violate Civil Rights Averments

137.	The conspirators DENY  advocacy on behalf of Civil Rights victims and to prevent CALIFORNIA State Courts from being misused in violation of the law socially undesirable conduct that threatens the INTEGRITY OF THE JUSTICE SYSTEM TO FUNCTION IN ITS INTENDED MANNER.

### (1) the plaintiff advocated on behalf of members of A PROTECTED CLASS OF minorities;

138.	The conspirators believe that DEFENDANTS ABUSE TO PLAINTIFFS done by the  CALIFORNIA attorneys CHARLES ERVIN, YVETTE DURANT, SANDRA GROVEN, JON LON COOPER, INGRID LARSON, KATHY LINDSEY, JENNIFER AYERS, LEESA WEBSTER, AND SCOTT MCLERAN WAS WARRANTED AND LAWFUL. DEFENDANTS INTENTIONALLY NEGLECTED TO FOLLOW THE CANONS SET FORTH FOR ETHICALLY INTEGRITY AND THE ABA GUIDANCE ON "INEFFECTIVE REPRESENTATION OF COUNSEL". Standard 4-1.2 (e) Functions and Duties of Defense Counsel defines the functions of counsel. Standard 4-1.3 Continuing Duties of Defense Counsel. PLAINTIFFS were consistently denied their right to appeal any decisions made by the courts. Counsel for PLAINTIFFS neglected their duties to continue defense when necessary, in every possible occasion where PLAINTIFFS requested to exercise the right to appeal. [SEE ATTACHMENT]

139.      The conspirators took their actions against the PLAINTIFFS THROUGH INEFFECTIVE representation of the PLAINTIFFS AND APPROVED civil rights discrimination action against the PLAINTIFFS and for DENYING PLAINTIFFS THE RIGHT TO APPEAL SIERRA COUNTY SUPERIOR COURTS JUDGEMENTS. denial of the natural father and natural mother of the constitutional rights under the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children, including medical treatment decisions.

**(2) an intent to discriminate on the basis of the PROTECTED CLASS of clients**

140.      As stated above the conspirators including the defendants JUSTICE YVETTE DURANT, JUSTICE CHARLES ERVIN, [D.A.] SANDRA GROVEN, [S.O.] MIKE FISHER, [S.O.] BRAD DEMPSTER,& [S.O.] NATHAN RUST, [FORMER S.O.] DARBY COLLIER AND ITS CORPORATE CHARTER,[CLERK] MARYANN KNOEFLER AND [CLERK] TASHA PRINCE AND [CLERK] JEAN ANN CHATHAM, [S.W] JAMIE SCHILTZ, [S.W.] JANESSA WALKER, [S.W.] TAMERA POWERS,[S.W.] VICKI CLARK, [S.W.] KRYSTAL EVANS, [S.W.] MICHELLE DEBERG-ANDERSON, [P.O.] CHARLES HENSON AND [P.O.] SOPHIA GONZALES. [States Attorney.] SCOTT MCLERAN, [PUB.DEF.] JON LON COOPER, [P.D.] INGRID LARSON, [P.D.] KATHY LINDSEY, [P.D] JENNIFER AYERS, [P.D.] LEESA WEBSTER, [Beh. Health] KRISTINA DORN, [W.S.M.C] LAURA GRUTKOWSKI, [U.S.P.S] PETRA HALL, the City of DOWNIEVILLE, California, joined an ongoing Civil Rights Conspiracy and committed affirmative acts in furtherance of the conspiracy designed TO CAUSE EMOTIONAL, PHYSICAL, AND FINACIAL DISTRESS OVER AN EXTENDED PERIOD OF TIME IN ORDER TO DISCREDIT THE PLAINTIFF (1) IN A LAWSUIT FILED AGAINST THE SIERRA PLUMAS JOINT SCHOOL DISTRICT; MERRILL GRANT & THERESA TAYLOR.

**(3) the discrimination concerned one or more activities enumerated in the statute**

141.      The conduct described in the proceeding paragraphs describe retaliatory discrimination, interference with contract rights and benefits, denial of Equal Protection Under the Law, violated The Fair Housing Act, Title II of the Civil Rights Act of 1964, encouraging 940. 18 U.S.C. SECTION 1341-mail fraud, DEFENDANTS either participated or encouraged the breach of contract and the illegal access of PLAINTIFF (1) medical records without consent, Abuse of Process and denial of benefits guaranteed by federal law by the defendants JUSTICE YVETTE DURANT, JUSTICE CHARLES ERVIN, [D.A.] SANDRA GROVEN, [S.O.] MIKE FISHER, [S.O.] BRAD DEMPSTER,& [S.O.]

NATHAN RUST, [FORMER S.O.] DARBY COLLIER AND ITS CORPORATE CHARTER,[CLERK] MARYANN KNOEFLER AND [CLERK] TASHA PRINCE AND [CLERK] JEAN ANN CHATHAM, [S.W] JAMIE SCHILTZ, [S.W.] JANESSA WALKER, [S.W.] TAMERA POWERS,[S.W.] VICKI CLARK, [S.W.] KRYSTAL EVANS, [S.W.] MICHELLE DEBERG-ANDERSON, [P.O.] CHARLES HENSON AND [P.O.] SOPHIA GONZALES. [States Attorney.] SCOTT MCLERAN, [PUB.DEF.] JON LON COOPER, [P.D.] INGRID LARSON, [P.D.] KATHY LINDSEY, [P.D] JENNIFER AYERS [P.D.] LEESA WEBSTER, [Beh. Health] KRISTINA DORN, [W.S.M.C] LAURA GRUTKOWSKI, [U.S.P.S] PETRA HALL, the City of DOWNIEVILLE, California,

142.     JUSTICE YVETTE DURANT, JUSTICE CHARLES ERVIN, [D.A.] SANDRA GROVEN, [S.O.] MIKE FISHER, [S.O.] BRAD DEMPSTER,& [S.O.] NATHAN RUST, [FORMER S.O.] DARBY COLLIER AND ITS CORPORATE CHARTER,[CLERK] MARYANN KNOEFLER AND [CLERK] TASHA PRINCE AND [CLERK] JEAN ANN CHATHAM, [S.W] JAMIE SCHILTZ, [S.W.] JANESSA WALKER, [S.W.] TAMERA POWERS,[S.W.] VICKI CLARK, [S.W.] KRYSTAL EVANS, [S.W.] MICHELLE DEBERG-ANDERSON, [P.O.] CHARLES HENSON AND [P.O.] SOPHIA GONZALES. [States Attorney.] SCOTT MCLERAN, [PUB.DEF.] JON LON COOPER, [P.D.] INGRID LARSON, [P.D.] KATHY LINDSEY, [P.D] JENNIFER AYERS, [P.D.] LEESA WEBSTER, [Beh. Health] KRISTINA DORN, [W.S.M.C] LAURA GRUTKOWSKI, [U.S.P.S] PETRA HALL, the City of DOWNIEVILLE, California, knowingly joined an ongoing Civil Rights conspiracy motivated by and with the objective of "racial, socially or otherwise class-based invidious discriminatory animus" including malicious prosecution, admitting falsified evidence, denying DEFENDANTS "right to trial", and prevention of the DEFENDANTs rights to seek medical assistance for disability either unknown or known under the protections of the ADA.

143.     JUSTICE YVETTE DURANT, JUSTICE CHARLES ERVIN, [D.A.] SANDRA GROVEN, [S.O.] MIKE FISHER, [S.O.] BRAD DEMPSTER,& [S.O.] NATHAN RUST, [FORMER S.O.] DARBY COLLIER AND ITS CORPORATE CHARTER,[CLERK] MARYANN KNOEFLER AND [CLERK] TASHA PRINCE AND [CLERK] JEAN ANN CHATHAM, [S.W] JAMIE SCHILTZ, [S.W.] JANESSA WALKER, [S.W.] TAMERA POWERS,[S.W.] VICKI CLARK, [S.W.] KRYSTAL EVANS, [S.W.] MICHELLE DEBERG-ANDERSON, [P.O.] CHARLES HENSON AND [P.O.] SOPHIA GONZALES. [States Attorney.] SCOTT MCLERAN, [PUB.DEF.] JON LON COOPER, [P.D.] INGRID LARSON, [P.D.] KATHY LINDSEY, [P.D] JENNIFER AYERS, [P.D.] LEESA WEBSTER, [Beh. Health] KRISTINA DORN, [W.S.M.C] LAURA GRUTKOWSKI, [U.S.P.S] PETRA HALL, the City of DOWNIEVILLE, California, injured the PLAINTIFFS in the ways described in the above paragraphs AND CONTINUE TO INJURE THE PLAINTIFFS WITHOUT AN END IN SIGHT.

**B. Prayer For Relief From 42 U.S.C. § 1985(3) Violations**

144.      WHEREFORE, PLAINTIFFS demand judgment for the damages resulting from the defendants' Civil Rights conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees should the plaintiff obtain an attorney, and such other relief deemed to be just and equitable.

## V. PRAYER

The plaintiff respectfully seeks damages in the amount of EIGHTEEN MILLION DOLLARS ($18,000,000.00) , the costs of this action, including attorney's fees should the plaintiff obtain an attorney, and such other relief deemed to be just and equitable.

S/Caitlin N. Peters AND Brody J Smith
Caitlin N. Peters and Brody J. Smith
Plaintiffs appearing *SUI JURIS IN PROPER PERSONA*

## VERIFICATION

I, Caitlin N. Peters, declare as follows:

1.      I have personal knowledge of myself and my activities, including those set out in the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2.      I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself and my activities are true and correct.

S/Caitlin N. Peters     Date July 28, 2022
Caitlin N. Peters
Plaintiff appearing *SUI JURIS IN PROPER PERSONA*