UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAITLIN NICOLE PETERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES ERVIN, ET AL.,<br><br>　　　　　Defendants. | No.  2:23-cv-00684-DAD-CKD (PS)<br><br>ORDER |

Plaintiff Caitlin Peters, proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, so plaintiff's request will be granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

## I. Legal Standards

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

////////////////

2

**II.     Analysis**

      A. <u>Challenges to search and arrest warrants in pending criminal case</u>

Plaintiff challenges the search and arrest warrants used during her arrest and prosecution in a pending state court criminal proceeding.[2] (ECF No. 1 at 5.) However, federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. See <u>Younger v. Harris</u>, 401 U.S. 37, 43–54 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See <u>Mann v. Jett</u>, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the <u>Younger</u> rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); <u>Gilbertson v. Albright</u>, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (<u>Younger</u> abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, plaintiff's allegations before this court clearly implicate important state interests, and "involve [the] state's interest in enforcing orders and judgments of its courts." <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571 U.S. 69, 77 (2013). The events at issue are directly related to state criminal proceedings filed on March 30, 2023, and the proceedings were ongoing at the time plaintiff filed the complaint. (ECF No. 1 at 4.) Plaintiff's search and arrest warrant challenges are the type of claims and relief the state courts afford an adequate opportunity to raise on direct appeal, or via a writ of mandate in the state's courts. See <u>San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1095 (9th Cir. 2008). Accordingly, <u>Younger</u> abstention is required here and the complaint must be dismissed based on plaintiff's failure to state a claim upon which § 1983 relief may be granted. See <u>Rivera v. Gore</u>,

---

[2] The case takes judicial notice that case no. 23-CR-0027, filed March 30, 2023, and in which Caitlin Nicole Peters is named as a defendant, is currently pending before the Superior Court of California, County of Sierra. <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (courts may take notice of federal and state court proceedings if those proceedings have a direct relation to matters at issue).

3

No. 3:17-CV-02225-WQH-NLS at *6 (S.D. Cal. Feb. 21, 2018) (sua sponte dismissing pretrial detainee's § 1983 claims requesting the "dismissal" of an ongoing criminal proceeding and the "reduction of the bail" on Younger abstention grounds).

### B. Claims involving plaintiff's state child custody proceedings

Plaintiff's additional allegations concern her state child custody proceedings. Plaintiff lost custody of her children following their removal in August 2018. (ECF No. 1 at 24, ¶ 106;) (id. at 27, ¶ 151.) It appears that plaintiff alleges that the court clerks "delayed" the filing of her appeal and rejected the filing as untimely. (Id. at 28.) Plaintiff also states that her P.O. box was changed by an "unknown" person. (Id.). Plaintiff's allegation that the clerks "delayed" the appeal is unclear and does not amount to a cognizable claim. In any amended complaint, plaintiff should explain how she came to the conclusion that the clerks "delayed" the filing. To the extent plaintiff seeks to challenge the timeliness of her custody determination appeal, plaintiff must do so via state court proceedings, as these claims do not present a federal question.

### C. Brody Smith is not a plaintiff and must be removed from the docket

Pages 12-22 of the complaint do not allege harms suffered by plaintiff, but rather to plaintiff's boyfriend, Brody Smith.[3] (ECF No. 1 at 12-22.) In some places in the attachment to plaintiff's complaint she references Mr. Smith as a plaintiff. (See, eg. Id. at 15: "Brody James Smith (Plaintiff 2).)" However, Mr. Smith did not sign the complaint, has not submitted an IFP application, and has not paid the $402 filing fee, and therefore is not a plaintiff in this action. See e.g., Anderson v. California, No. 3:10-cv-02216-MMA (AJB), at *1 (S.D. Cal. Oct. 27, 2010). Accordingly, Brody Smith must be dismissed and removed from the docket.

### D. Leave to amend

Because plaintiff is proceeding pro se, the court will grant leave to file an amended complaint. If plaintiff elects to file an amended complaint, the new pleading shall be captioned "First Amended Complaint," shall include the current case number, and shall be filed within 28

---

[3] To the extent plaintiff seeks to allege harms that occurred to Brody Smith, plaintiff lacks standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). Further, as plaintiff is not an attorney, she cannot represent Mr. Smith in this action.

days of this order. Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that she is unable to amend his complaint in compliance with the court's order at this time, she may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Brody Smith is DISMISSED from this case. The Clerk of Court shall remove his name from the docket;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

3. Plaintiff's complaint is dismissed with leave to amend. Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

4. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline will result in a recommendation that this case be dismissed.

Dated: October 3, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, pete.0684