UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAITLIN NICOLE PETERS,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES ERVIN, ET AL.,<br><br>  Defendants. | No. 2:23-cv-00684-DAD-CKD (PS)<br><br>ORDER |

On October 3, 2023, this court granted plaintiff leave to proceed in forma pauperis and granted plaintiff leave to file an amended complaint within twenty-eight days; i.e., by October 31, 2023. (ECF No. 3.) Plaintiff was cautioned that failure to timely file either an amended complaint or a notice of voluntary dismissal would result in a recommendation that this case be dismissed. (Id. at 5.) Plaintiff filed her First Amended Complaint (FAC) on November 13, 2023, and therefore her filing is untimely. (ECF No. 5.) However, as it is clear that plaintiff intends to pursue this case, and in light of plaintiff's representations that she is experiencing homelessness, the undersigned will not recommend dismissal of this action at this time. (See id. at 12, indicating that plaintiff has been chronically homeless since November 2020.)

The court has reviewed plaintiff's FAC and finds that plaintiff fails to state a claim for relief. Therefore, the court dismisses plaintiff's FAC. Before recommending dismissal of this action, however, the court informs plaintiff of additional deficiencies in the FAC and provides

1

plaintiff a further opportunity to amend.

I.   Legal Standards

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

/////////

II.     First Amended Complaint (FAC)

Plaintiff sues numerous Sierra County officials, including judges, the district attorney, the sheriffs, court clerks, social workers, probation officers, public defenders, and behavioral health workers for the following violations: 1) "civil conspiracy, RICO act" 2) the Fair Housing Act, 3) Fourth Amendment violations, 4) Sixth Amendment violations, 5) First Amendment violation, specifically "redress of grievances", 6) Fourteenth Amendment violation, and 7) Hobbes Act violation. (ECF No. 5 at 1-2, 13-15.)  Plaintiff seeks damages.  (Id. at 13-15.)

The crux of the FAC appears to concern the removal of plaintiff's children.  Around 2018, plaintiff was denied custody of her children following custody proceedings before the Sierra County Superior Court.  (Id. at 9-12.)  Plaintiff tried to file an appeal, but the appeal was denied as untimely because it was due on December 6, 2021 and not received by the court until December 15, 2021. (Id. at 32-33 and 70.)  Plaintiff also alleges she was evicted from her residence in November 2020. (Id. at 12.) Plaintiff alleges she attempted to seek assistance from county programs but was denied, despite meeting the CDC requirements. (Id.)

Over fifty pages of documents are attached to the FAC, including email correspondence between plaintiff and the California Department of Social Services, email correspondence between plaintiff and the Sierra County court, and various other state court documents. (Id. at 21-76.)  A letter from Bridget Hamill, private Adoption and Guardianship Specialist, dated March 11, 2022, with the subject "Peters" is attached to the FAC.  (Id. at 72.) The letter is addressed to an individual named Robin Langston and states that the subject of the letter, (i.e., Peters) has Choctaw Indian Heritage and therefore "the Indian Child Welfare Act" applies). (Id.)  Apart from this letter, the FAC does not contain any reference to alleged Indian heritage or alleged violations of the Indian Child Welfare Act (ICWA).

III.    Analysis

    A.  Immune Defendants

Judge Charles Ervin, Judge Dennis Buckley, Judge Yvette Durant, and court personnel (Mary Ann Knoefler, Tasha Prince, and Jean Ann Chatham) are immune from suit for injuries associated with judicial acts.  See e.g., Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986)

1  ("As long as the judge's ultimate acts are judicial actions taken within the court's subject matter
2  jurisdiction, immunity applies.")  Further, judicial personnel "have absolute quasi-judicial
3  immunity from damages for civil rights violations when they perform tasks that are an integral
4  part of the judicial process." Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385,
5  1390 (9th Cir. 1987).  Plaintiff's FAC lacks any allegations that these defendants acted outside of
6  their capacity as judicial officials.  Accordingly, Judge Charles Ervin, Judge Dennis Buckley, and
7  Judge Yvette Durant and court clerks Mary Ann Knoefler, Tasha Prince, and Jean Ann Chatham
8  are improper defendants.

B.  Plaintiff's Claims

1.  Fair Housing Act

Title VIII of the Civil Rights Act of 1968, commonly known as the Fair Housing Act, broadly prohibits discrimination in housing.  42 U.S.C. § 3601 et seq.  Plaintiff's Fair Housing Act allegation is conclusory in nature, and does not allege any supporting facts from which the court can infer a cause of action.  (ECF No. 5 at 14.)  Plaintiff alleges she was evicted from her residence in November 2020 and that she attempted to seek assistance from county programs but was denied, despite meeting the CDC requirements.  (Id. at 12.) However, plaintiff does not allege that defendants refused to rent her housing for discriminatory reasons.  Thus, plaintiff has not stated a claim under the Fair Housing Act.

2.  Constitutional Violations

The FAC alleges violations of multiple constitutional rights.  (ECF No. 5 at 14-15, alleging violations under the First, Fourth, Sixth, and Fourteenth Amendments.)  42 U.S.C. § 1983 is the vehicle for pursuing damages claims for federal constitutional against government officials. Section 1983 does not create any substantive rights.  To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Even construed broadly, plaintiff has not stated a claim for constitutional violations under § 1983. Plaintiff's allegations lack sufficient facts.  Plaintiff's First, Fourth, and Sixth

4

Amendment claims allege violations by "defendants." (ECF No. 5 at 14-15.) However, as there are multiple defendants, it is not clear to the court which defendants are responsible for which alleged offenses. Plaintiff's Fourteenth Amendment allegation also fails to identify individuals responsible for the alleged violation, stating "plaintiff claims a denial of appeal rights in juvenile dependency and criminal cases." (Id. at 15.) Further, the FAC describes events occurring over a number of years, from the removal of plaintiff's children in 2018, to her eviction in 2020, to her attempt to appeal her children's custody determination, to her arrest in 2023. However, plaintiff has not indicated which events pertain to which alleged constitutional violations. Accordingly, plaintiff's FAC does not meet the notice pleading standard.

          a) First Amendment

Plaintiff alleges that defendants have violated her First Amendment rights to petition the government for a redress of grievances through "corruption of emails and interference with mail correspondence." (ECF No. 5 at 15.) To state a First Amendment retaliation claim, a plaintiff must plausibly allege "that (1) she was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016) (quoting Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006)). To ultimately "prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.' " Hartman v. Moore, 547 U.S. 250, 259 (2006). Specifically, a plaintiff must show that the defendant's retaliatory animus was "a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." Hartman, 547 U.S. at 260, 126.

Here, the FAC does not indicate that the court employees did anything to delay her filing. The emails attached to the FAC and the notice right to appeal indicate that plaintiff's notice of appeal was received by the state court nine days after the appeal window closed. (ECF No. 5 at 33, 70.) Further, to the extent plaintiff seeks a reversal of the court's determination that her appeal was untimely, this court lacks jurisdiction. The Rooker–Feldman doctrine bars this court

from reviewing state-court judgments, including application of procedural rules. See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).

### b) Sixth Amendment

The Sixth Amendment is meant to assure fairness in the adversary criminal process and the right to counsel attaches when the government initiates adversarial proceedings. United States v. Danielson, 325 F.3d 1054, 1066 (9th Cir.2003) (quotation marks omitted).  Here, plaintiff alleges "defendants" violated her Sixth Amendment rights because of ineffective assistance of counsel. (ECF No. 5 at 14.) However, plaintiff does not include any facts to support this claim, such as who failed to provide effective assistance of counsel, when, or how.

### c) Fourth Amendment

Plaintiff's allegations of Fourth Amendment violations are similarly deficient.  The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978).  Plaintiff states that "defendants conducted unwarranted searches of her property, using weapons and threats of incarceration." (ECF No. 5 at 14.) The court cannot conclude based on these factual allegations that the search of plaintiff's property was unreasonable.

Further, to the extent that plaintiff's Fourth Amendment claim concerns her 2023 arrest, the court has no jurisdiction to hear such claims.  This court has already explained that plaintiff cannot challenge pending state court criminal proceedings before this court.  (ECF No. 3 at 5.) As discussed in the court's prior order, federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43–54 (1971).

d)  Fourteenth Amendment

Plaintiff's Fourteenth Amendment allegation states "plaintiff claims a denial of appeal rights in juvenile dependency and criminal cases, infringing upon the fundamental right of parents to make decisions concerning the care, custody, and control of their children, including medical treatment decisions." (ECF No. 5 at 15.)  Though lacking sufficient facts to meet the notice pleading standard, construed broadly, the court infers that this allegation challenges the court's decision to reject her appeal as untimely.  The Rooker–Feldman doctrine bars this court from reviewing state-court judgments, including application of procedural rules. See Reusser, 525 F.3d at 859.  Even though plaintiff has not explicitly asked the court to reverse the state court's rejection of her appeal, that is effectively what plaintiff is seeking. Thus, plaintiff's Fourteenth Amendment claim, to the extent it is based on the state court's rejection of plaintiff's appeal as untimely, is barred by the Rooker-Feldman doctrine.

3.  Hobbs and RICO Allegations

Plaintiff alleges violations of the Hobbs Act, 18 U.S.C. § 1951.  However, the Hobbs Act is a criminal statute, and no private right of action exists to pursue relief under the Hobbs Act. Accordingly, plaintiff's Hobbs Act claim is legally frivolous.

Although the Racketeer Influenced and Corrupt Organizations Act ("RICO") does provide a civil remedy, plaintiff has not alleged facts that would support a civil RICO claim. A civil RICO claim requires allegations establishing the following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir.2005), cert. denied, 547 U.S. 1192 (2006).  To state a claim under RICO, it must be demonstrated "that the defendants engaged in at least two acts of 'racketeering activity,' as that term is defined in 18 U.S.C. § 1961(1)." Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir.1997) (citing Sun Sav. & Loan Assn., 825 F.2d at 191), cert. denied, 524 U.S. 938 (1998). Here, plaintiff has not alleged any conduct by an enterprise that constitutes a "predicate act."

C.  Indian Child Welfare Act (ICWA)

The FAC does not allege violations of the Indian Child Welfare Act (ICWA).  However,

the letter addressed to "Robin Langston" attached to the complaint, and plaintiff's allegations regarding the removal of her children, suggest that this case might involve the ICWA. (ECF No. 72, letter captioned "Peters" stating "[t]his letter is in regard to the above-mentioned person(s) in which we were able to establish Choctaw Indian Heritage.")

The ICWA allows any Native American child, parent, or custodian to petition the courts to invalidate foster care placement or termination of parental rights under state law.[1] Id. § 1914. It provides that Indian tribe shall have exclusive jurisdiction over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where jurisdiction is otherwise vested in the State by existing Federal law.  25 U.S.C. § 1911(a). If the Indian child is not domiciled on a reservation, the tribe and the State of the child's residence or domicile share concurrent jurisdiction. Id. § 1911(b). Where the state exercises its concurrent jurisdiction over child custody proceedings involving an Indian child, the ICWA provides procedural guarantees to ensure that the Indian tribe is given adequate notice and opportunity to participate in proceedings. See id. § 1912; Belinda K. v. Baldovinos, No. 10-CV-02507-LHK, 2012 WL 464003, at *2 (N.D. Cal. Feb. 13, 2012), aff'd sub nom. J.H. ex rel. Kirk v. Baldovinosre, 583 F. App'x 833 (9th Cir. 2014). The purpose of the ICWA is to rectify state agency and court actions that result in the improper removal of Native American children from their communities and heritage.  See Doe v. Mann, 415 F.3d 1038, 1047 (9th Cir. 2005).

The FAC does not currently allege that plaintiff's children are Indian children under the ICWA, nor does it allege that the removals of plaintiff's children constituted violations of the ICWA.  The court therefore provides plaintiff an opportunity to amend the complaint to plead an ICWA claim if she wishes.  If plaintiff chooses to further amend her complaint to plead a claim under the ICWA, she must identify the provision under which she claims a violation, and must provide enough of detailed factual allegations to establish a violation of that provision.

---

[1] Plaintiff may sue for ICWA violations in this court notwithstanding the Rooker-Feldman doctrine, which normally prohibits federal courts from reviewing decisions of state courts. Doe v. Mann, 415 F.3d 1038, 1040 (9th Cir. 2005) (the parent of an Indian child may sue in federal court to challenge a state court's termination of his parental rights, notwithstanding the Rooker-Feldman doctrine), cert. denied, 547 U.S. 1111 (2006).

D.  Leave to Amend

If plaintiff elects to file an amended complaint, the new pleading shall be captioned "Second Amended Complaint," shall include the current case number, and shall be filed within 28 days of this order.  Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this time, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

E.  Request to participate in electronic filing, ECF No. 6

Plaintiff has filed a request to particulate in electronic filing, which the court hereby GRANTS in PART and DENIES in PART.  (ECF No. 6.) The motion to participate in electronic filing is GRANTED with respect to electronic service of documents. The request to participate in electronic filing is DENIED with respect to plaintiff's request to participate in the CM/ECF system to file plaintiff's documents.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend.  Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
2. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
3. Plaintiff's motion to participate in electronic case filing (ECF No. 6) is GRANTED IN PART AND DENIED IN PART.
    a. The motion to participate in electronic case filing is GRANTED with respect

|   |   |
|---|---|
| 1 | to electronic service of documents. The clerk is directed to configure plaintiff's |
| 2 | account so that they will receive immediate email notifications when |
| 3 | documents are filed in their case. |
| 4 |   b. The motion to participate in electronic case filing is DENIED with respect to |
| 5 | plaintiff's request to participate in the CM/ECF system to file plaintiff's |
| 6 | documents.  Plaintiff shall continue to file paper documents with the court |
| 7 | through conventional means. |
| 8 |  4. Plaintiff consents to receive service of documents electronically and waives the right |
| 9 | to receive service by first class mail pursuant to FRCP 5(b)(2)(D). |
| 10 |  5. If plaintiff needs additional time to respond to filings due to her lack of access to |
| 11 | electronic filing, she may request such accommodations, as necessary. |

Dated: November 27, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, pete.0684